**Leroy W. KNIES, Nancy Knies, Plaintiffs,**

v.

**Donald W. RICHARDSON, et al., Defendants.**

No. 84–C–822.

United States District Court, E.D. Wisconsin.

Jan. 14, 1985.

Leroy W. Knies and Nancy Knies, pro se.

James McDermott, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiffs have refused to indicate their income on Wisconsin tax returns for the years 1977 and 1978. The Wisconsin Department of Revenue (DOR) assessed the plaintiffs' tax liability based on its own estimate of their income, pursuant to Wis. Stats. ch. 71. The assessment was upheld by the Wisconsin Tax Appeals Commission (TAC). The plaintiffs appealed to the Waukesha Circuit Court under the Wisconsin Administrative Procedure Act, Wis. Stats. ch. 227, and that court affirmed. The plaintiffs brought this action against all state officials involved in the assessment of their taxes and subsequent proceedings. The defendants now move to dismiss. The motion will be granted.

The complaint is defective in many respects. The defendants' motions to dismiss the complaint will be granted on the grounds that the defendants are immune from the plaintiffs' suit and that the complaint fails to state a claim for which relief can be granted.

■ The defendants are state judges, assistant attorneys general, tax commissioners and DOR officials. The plaintiffs seek money damages from them. All of the defendants' acts alleged in the complaint were official acts. The defendant judges are absolutely immune from suit for money damages. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ The tax commissioners, as executive branch judicial officers, and the assistant attorneys general, as necessary adjuncts of the judicial process, may share the broad immunity of judges. *Butz v. Economou*, 438 U.S. 478, 511–16, 98 S.Ct. 2894, 2913–15, 57 L.Ed.2d 895 (1978). In any case, they, together with the remaining defendants, are protected by a qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights...." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). It is clear that the qualified immunity applies here.

■ The action is also subject to dismissal because, even assuming the truth of the complaint's factual allegations, the plaintiffs are entitled to no relief. The pro se complaint teems with dubious discourses on legal history and citations to irrelevant authorities. Thirty pages long yet lacking a single meritorious claim, the complaint patently offends the mandate of Rule 8, Federal Rules of Civil Procedure, that a complaint be a "short and plain statement."

Ignoring the plaintiffs' charges that the defendants conducted a "reign of terror," conspired to overthrow the republican form of government, and other such recriminations, I find that the complaint raises five issues: (1) Did the DOR unconstitutionally consider the plaintiffs' wages as income? (2) Were the plaintiffs entitled to a hearing on their challenge to the DOR's jurisdiction? (3) Did the TAC have the authority to affirm the DOR's assessment? (4) Did the plaintiffs have a right to a jury trial in

their administrative review action before the circuit court; and (5) Were the plaintiffs accorded due process of law? These issues need not detain us long.

Wages are properly considered taxable under both state and federal law. *Kile v. C.I.R.*, 789 F.2d 265 (7th Cir.1984); 21 U.S.C. § 61(a); Wis.Stats. §§ 71.10(2)(d) and 71.20. The DOR's authority to assess the plaintiffs' taxes and the TAC's authority to hear the plaintiff's appeal were clearly established, and a separate hearing was not required to consider the plaintiffs' frivolous objections. Wis.Stats. ch. 71 and 73. The right to trial by jury applies only to suits at common law, not to judicial review of administrative decisions. Wis. Const. art. 1 and 5; Wis.Stats. ch. 227.

Wisconsin law provides elaborate procedures for the assessment of taxes by the DOR. After the initial assessment, the taxpayer is entitled to a redetermination. Wis.Stats. § 71.12(1)(a). If dissatisfied with the redetermination, the taxpayer may appeal to the TAC. Wis.Stats. §§ 71.-12(1)(c) and 73.01(5). An adverse decision by the TAC is subject to judicial review in state circuit court. Wis.Stats. § 73.015. The circuit court's decision may be appealed. *Id.* I believe that the procedural safeguards available to taxpayers who wish to challenge tax assessments fully satisfy the due process requirements of the fifth amendment.

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice.